E-FILED
Tuesday, 23 December, 2025 01:13:58 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

MICHAEL CONTRERAS and
WILLIE MCGEE,
individually and on behalf of
all others similarly situated,

Plaintiffs,

v.

RISINGER BROS. TRANSFER, INC.,

Defendants.

Case No. 1:25-cv-01441-JEH-RLH

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

## I. INTRODUCTION

1. This is an action brought on behalf of current and former delivery drivers challenging Defendant Risinger Bros. Transfer, Inc.'s ("Risinger") unlawful practice of misclassifying its drivers as independent contractors.

2. Plaintiffs Michael Contreras and Willie McGee ("Plaintiffs") challenge Risinger's unlawful practice of making deductions from delivery drivers' wages and requiring them to bear expenses which should have been properly borne by Risinger. Plaintiffs also contend that, as a result of Risinger's policies and practices, there were weeks in which their and other delivery drivers' compensation fell below Illinois and federal minimum wage. Plaintiffs contend that, although they and other delivery drivers were classified by Risinger as independent contractors, they were, in fact, employees of Risinger.

3. Plaintiffs bring this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have contracted to provide delivery services for

Risinger between October 2025 and the present. Plaintiffs allege that, as a result of Risinger's policies, illegal deductions were made from their and other delivery drivers' wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9. Plaintiffs allege, in the alternative, that Risinger unlawfully required them and others similarly situated to incur expenses that should have properly been borne by Risinger in violation of 820 Ill. Comp. Stat. 115/9.5.

4. Plaintiffs also bring this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have provided delivery services for Risinger between October 2022 and the present. Plaintiffs alleges that, as a result of Risinger's policies, and the deductions made from Plaintiffs' and other delivery drivers' pay, they were not paid minimum wage for all hours worked in violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4.

5. Plaintiffs also bring this case as a collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of all current and former delivery drivers who have provided delivery services for Risinger between October 2022 and the present. Plaintiffs allege that , as a result of Risinger's policies, and the deductions made from Plaintiffs' and other delivery drivers' pay, they were not paid minimum wage for all hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

## II. THE PARTIES

6. Plaintiff Michael Contreras is an adult resident of New Jersey. Plaintiff Contreras worked for Risinger as a truck driver, making deliveries in Illinois and other states between approximately April 2022 and October 2025. During this time, Plaintiff was classified as an independent contractor.

7. Plaintiff Willie McGee is an adult resident of North Carolina. Plaintiff McGee

worked for Risinger as a truck driver, making deliveries in Illinois and other states between approximately May 2025 and December 2025. During this time, Plaintiff was classified as an independent contractor.

8. Defendant Risinger Bros. Transfer, Inc. is an Illinois corporation headquartered in Morton, Illinois. It does business in Illinois and is registered with the Illinois Secretary of State.

9. Defendant Risinger's website describes Risinger as "Providing Transportation Services Since 1978" and prominently advertises "driver opportunities" and states that "[o]ur goal is to make driving at Risinger the best possible experience for our contractors and their families.".[1]

## III. JURISDICTION AND VENUE

10. The Court has personal jurisdiction over Plaintiffs and the class they seek to represent because they worked in the State of Illinois for Illinois employers and/or are citizens of the state of Illinois.

11. The Court has personal jurisdiction over Defendant because Defendant is headquartered in Illinois, does business in the State of Illinois, and its conduct in the State of Illinois underlies all claims in this suit.

12. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

13. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case and controversy.

14. Venue in the Central District of Illinois is proper pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this lawsuit occurred in this District.

[1] https://risingertrans.com/ (last visited October 24, 2025).

## IV. STATEMENT OF FACTS

15. Plaintiffs were hired by Risinger to perform deliveries in Illinois and across the United States.

16. Plaintiffs were required to sign an independent contractor agreement with Risinger.

17. Plaintiffs drove trucks and trailers which were owned by Risinger, and which had Risinger insignia on them.

18. Plaintiffs worked for Risinger full time, routinely working up to 70 hours a week. Plaintiffs did not work anywhere else while working for Risinger.

19. Plaintiffs and other delivery drivers were required to regularly check in with Risinger dispatchers to take their instructions as to which loads to haul, where and when to pick up and drop off these loads.

20. Plaintiffs and other delivery drivers were also required to comply with Risinger's time constraints for deliveries and other instructions and were required to regularly report to Risinger staff and Risinger's office in Illinois.

21. Plaintiffs were paid a set amount based on cents per mile, determined by Risinger, for the deliveries they made.

22. Throughout the course of Plaintiffs' employment, Risinger made deductions from their pay for items including truck payments, insurance payments, fuel, and a maintenance escrow account among others, which often came to hundreds of dollars per week. Plaintiffs did not authorize these deductions.

23. In addition, as a result of the deductions taken from their pay, there were weeks in which Plaintiffs and other drivers did not receive minimum wage for all hours worked, in violation of Illinois and federal law.

24. For example, in the week ending November 15, 2024, despite driving 943 miles,

and working approximately 20 hours for Risinger, Plaintiff Contreras did not receive any compensation from Risinger.

25. In addition, in the weeks ending November 7, 2025 and December 12, 2025, despite driving more than 1,500 miles, and working approximately 30 hours for Risinger, Plaintiff McGee did not receive any compensation from Risinger.

26. Although Risinger classified Plaintiffs and other delivery drivers as independent contractors, the behavior and financial control manifested over the drivers by Risinger demonstrates that they were employees of Risinger.

27. Plaintiffs and other delivery drivers were required to pick up trucks and trailers from Risinger's yard in Illinois.

28. Plaintiffs and other delivery drivers were hired by Risinger in Illinois at Risinger's office, were required to pick up and deliver freight for Risinger in Illinois, and received directions regarding their deliveries from Risinger dispatchers and management team in Illinois.

29. Risinger controlled every aspect of its drivers', including Plaintiffs', work. Such control included, but was not limited to the following:

A. Risinger required Plaintiffs and other similarly situated drivers to comply with instructions dictated by written and unwritten policies, procedures, and directives regarding Plaintiffs' and other similarly situated drivers' duties.

B. Plaintiffs and other delivery drivers were required to report to Risinger's facilities regularly. For example, Plaintiffs and other drivers were regularly required to come to Risinger's office and yard to pick up equipment and to drop off trip paperwork.

C. The trucks and trailers Plaintiffs and class members drove bore Risinger insignia and markings, and were registered under Risinger's DOT number.

D. Plaintiffs, as well as other similarly situated drivers, were required to report to or contact dispatchers employed by Risinger to receive delivery assignments, to report when they picked up and reopped off loads, and to report any issues with their assigned deliveries.

E. Risinger instructed Plaintiffs and other similarly situated drivers which loads to pick up, the location of the loads/goods to be delivered, as well as the time frames for loading and unloading. Additionally, Risinger dictated the time by which each delivery must be made. Risinger's dispatchers and supervisors also communicated with Plaintiffs and similarly situated drivers while they were driving via telephone in order to convey instructions and otherwise oversee the drivers.

F. Plaintiffs and other similarly situated drivers had GPS devices on their vehicles, which allowed Risinger to track the drivers throughout the day.

G. Risinger subjected drivers, including Plaintiffs, to a variety of deductions, including, but not limited to, deductions for truck payments, insurance payments, fuel, and a maintenance escrow account.

H. If Plaintiffs or other similarly situated drivers wished to take time off, they were required to give timely advance notice to Risinger.

30. Plaintiffs and other delivery drivers performed work which is in the usual course of business of Risinger — *i.e.* they were truck drivers who performed delivery services and Risinger is engaged in business of providing trucking delivery services to their customers.

31. Risinger required Plaintiffs and putative class members to submit all bills of lading, logbooks, and other required paperwork to Risinger's office in Illinois.

32. At no time during their employment were Plaintiffs and other similarly situated

drivers allowed to have their own customers nor did they ever have their own customers. Further, they could not choose and did not choose their own routes for delivery of cargo, could not and did not receive compensation or otherwise exchanged payment for their delivery other than being compensated by Risinger and could not and did not negotiate any matters or bargains with any customers or brokers.

33. Plaintiffs and other similarly situated truck drivers shared similar job titles, followed the same policies and practices, performed similar duties, and as a result of Risinger's common scheme of misclassification, application of unlawful deductions, and failure to pay drivers minimum wage for all hours worked, were similarly denied compensation in violation of federal and state law.

## V. CLASS ALLEGATIONS

34. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for the following IWCPA Class (Counts I and II):

> all persons who contracted to provide trucking delivery services for Risinger as delivery drivers in Illinois, and who personally provided trucking delivery services to Risinger, who have either been classified as independent contractors or have not been paid or treated as employees between October 2015 and the present.

35. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for the following IMWL Class (Count III):

> all persons who contracted to provide trucking delivery services for Risinger as delivery drivers in Illinois, and who personally provided trucking delivery services to Risinger, who have either been classified as independent contractors or have not been paid or treated as employees between October 2022 and the present.

36. The members of each class are so numerous that joinder of all members is impracticable. Plaintiffs believe that each class exceeds forty (40) members.

37. Common issues of law and fact predominate the claims of the class. Specifically, all claims are predicated on a finding that Risinger misclassified its drivers as independent contractors when they were in fact employees. In short, the claims of the named Plaintiff are identical to the claims of the class members.

38. The named Plaintiffs are adequate representatives of the classes because all class members were subject to Risinger's uniform practices and policies. Further, Plaintiffs and the potential class members have suffered the same type of economic damages as a result of Risinger's practices and policies.

39. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

40. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

## VI. COLLECTIVE ALLEGATIONS

41. Plaintiffs' FLSA claims (Count IV) should proceed as a collective action on behalf of all similarly situated individuals who worked as delivery drivers for Risinger during the past three years who may choose to opt-in to this case.

42. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Risinger did not pay drivers the minimum wage for all

hours worked, and therefore they are “similarly situated” as that term is defined in 29 U.S.C. § 216(b).

**Count I**
**Illinois Wage Payment and Collection Act - Deductions**

43. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

44. At all relevant times, Plaintiffs and members of the proposed class were “employees” of Defendant as defined by the IWPCA.

45. At all relevant times, Defendant was an employer of Plaintiffs and proposed class members as defined by the IWPCA.

46. The IWPCA, 820 Ill. Comp. Stat. 115/9, prohibits employers from making unauthorized deductions from employees’ wages.

47. Risinger violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiff’s and class members’ wages.

48. Plaintiffs seek reimbursement for all unlawful deductions taken by Risinger from their and class members’ pay.

**Count II**
**Illinois Wage Payment and Collection Act – Expenses**
**(in the alternative to Count I)**

49. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

50. At all relevant times, Plaintiffs and the proposed class members were “employees” of Defendant as defined by the IWPCA.

51. At all relevant times, Defendant was an employer of Plaintiffs and the proposed class as defined by the IWPCA.

52. Risinger violated Section 115/9.5 of the IWPCA by failing to reimburse Plaintiff and other class members who worked for them since January 1, 2019 for expenditures they incurred related to services performed for the Defendants from January 1, 2019 to the present.

53. Plaintiffs seek reimbursement for all unlawful expenses they and the proposed class members were forced to incur as part of their work for Defendant.

**Count III**
**Illinois Minimum Wage Law – Minimum Wage**

54. All previous paragraphs are incorporated as though fully set forth herein.

55. Pursuant to 820 ILCS 105/4a, an employer is required to pay his employees a minimum wage for all hours worked.

56. During all relevant times, Risinger was an employer within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3.

57. During all relevant times, Plaintiffs and class members were covered employees within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3.

58. Risinger failed pay Plaintiffs and the class members minimum wage for all hours worked, particularly in their final weeks of work, as required by 820 ILCS 105/4a.

59. Pursuant to 820 ILCS 105/12, Risinger is liable to Plaintiffs and the class members for their unpaid minimum wage compensation, attorneys' fees, costs, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which the wages remain unpaid.

**Count IV**
**Fair Labor Standards Act - Minimum Wage**

60. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

61. Risinger regularly failed to pay Plaintiffs and the members of the putative FLSA

collective the statutory minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

62. Under the FLSA, 29 U.S.C. § 206, Defendant was required to pay Plaintiffs and the members of the putative collective minimum wage for all hours worked.

63. However, due to the deductions taken by Risinger from Plaintiffs' and collective action members' pay, the wages of Plaintiffs and the members of the FLSA Collective fell below minimum wage in a number of the weeks in which they worked for Risinger.

64. Defendant's conduct was willful and intentional, in that Defendant knew, required, approved and/or suffered or permitted Plaintiffs and members of the FLSA collective to work hours for which they were not paid at the federal minimum wage.

65. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

**Prayer for Relief**

WHEREFORE, Plaintiffs request that the Court enter the following relief:

1. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3);
2. An order appointing Plaintiffs as class representatives and their counsel as class counsel;
3. An order enjoining Defendant from violating the IWPCA, the IMWL, and the FLSA;
4. Restitution for all deductions taken from Plaintiffs' and class members' wages;
5. Prejudgment interest and statutory damages;
6. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);
7. Payment of all wages due to Plaintiffs and members of the collective;
8. Liquidated damages under the FLSA;
9. Attorney's fees and costs;

10. Any other relief to which Plaintiffs and the Class and Collective members may be entitled.

DATED: December 23, 2025

Respectfully Submitted,

MICHAEL CONTRERAS
and WILLIE MCGEE,
individually and on behalf of all others similarly situated,

By their attorneys,

/s/ Bradley Manewith

Bradley Manewith, IARDC # 6280535
Lichten & Liss-Riordan, P.C.
5 Revere Drive, Suite 200
Northbrook, IL 60062
Tel. (617) 994-5800
Fax (617) 994-5801
bmanewith@llrlaw.com

Harold Lichten
Olena Savytska
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com