E-FILED
Thursday, 19 March, 2026  11:31:35 AM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

MICHAEL CONTRERAS, *et al.*,
    Plaintiffs,

v.

RISINGER BROS. TRANSFER, INC.,
    Defendant.

Case No. 1:25-cv-01441

**Order**

Now before the Court is the Defendant, Risinger Bros. Transfer, Inc.'s Motion to Dismiss. (D. 11). For the reasons set forth *infra,* the Court denies the motion.[1]

**I**

On February 19, 2026, the Defendant filed the pending Motion to Dismiss. (D. 11). The Plaintiffs then filed a response (D. 13), followed by the Defendant's reply. (D. 15). The matter is now fully briefed.

**II**

This case centers on the Plaintiffs' allegations that the Defendant withheld wages after improperly characterizing the Plaintiffs as independent contractors. More specifically, the Plaintiffs allege that they signed independent-contractor agreements to perform deliveries for the Defendant. (D. 4 at ECF p. 4). They drove the Defendant's trucks (embroidered with the Defendant's insignia), worked full time, "regularly check[ed] in with [the Defendant's] dispatchers", and were paid a set-rate per mile. *Id.* The Plaintiffs further allege that the Defendant deducted from the Plaintiffs' paychecks "truck payments, insurance payments, fuel, and a maintenance escrow account among others, which often came to hundreds of dollars per week." *Id.* After

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

these deductions, the Plaintiffs allege, there were weeks in which pay fell below minimum wage.

As a result, the Plaintiffs filed the pending class action lawsuit, which alleges effectively that the Plaintiffs were mischaracterized as independent contractors. As a result, the Plaintiffs now allege several violations of Illinois and federal wage laws. In particular, the Plaintiffs allege four counts: Count One (Illinois Wage Payment and Collection Act ("IWPCA") – Deductions); Count Two (IWPCA – Expenses); Count Three (Illinois Minimum Wage Law ("IMWL"); and Count Four (FLSA). The Defendant, meanwhile, moves to dismiss all four counts under the primary argument that the Plaintiffs are independent contractors and thus are not entitled to the protections of the IWPCA, Illinois' minimum wage law, or the FLSA's minimum wage requirement. The Plaintiffs, of course, argue that their independent contractor characterization is misguided, and does not reflect the economic reality of the employment relationship.

### III

Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint fails to state a claim. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Similarly, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Id.* The Court is to draw all reasonable inferences in favor of the non-movant, but the Court "need not accept as true any legal assertions or recital of the elements of a cause of action 'supported by mere conclusory statements.'" *Vesely v. Armslist LLC*, 762 F.3d 661, 665-66 (7th Cir. 2014) (quoting *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013)).

## IV

The Court will address in turn the Plaintiffs' four claims, all of which the Defendant seeks to dismiss.

## A

The Court begins with Counts One and Two, both of which the Plaintiffs bring under the IWPCA. Specifically, the Plaintiffs allege under Count One that the Defendant made "unauthorized deductions from employees' wages", for which the Plaintiffs now seek reimbursement. (D. 4 at ECF p. 9). In Count Two, which is brought in the alternative, the Plaintiffs allege that the Defendant has "fail[ed] to reimburse Plaintiffs and other class members … for expenditures they incurred" as "unlawful expenses". (*Id.* at ECF p. 10).

In its motion, the Defendant argues that because the Plaintiffs signed independent-contractor agreements, the IWPCA does not protect them. Further, the Defendant argues that the Plaintiffs, in those agreements, approved each of the deductions and expenditures by opting into the Defendant's "incentive program." (D. 12 at ECF p. 16).

In response, the Plaintiffs argue that the underlying terms of the independent-contractor agreements are not before the Court at this motion to dismiss stage.

The IWPCA "mandates payment of wages only to the extent the parties' contract or employment agreement requires such payment." *Hoffman v. RoadLink Workforce Solutions, LLC*, No. 12–C–7323, 2014 WL 3808938, at *4 (N.D. Ill. Aug. 1, 2014). In turn, to state a claim under the IWPCA, a plaintiff "must plead that wages

3

or final compensation is due to him or her as an employee from an employer under an employment contract or agreement." *Landers-Scelfo v. Corp. Off. Sys., Inc.*, 356 Ill. App. 3d 1060, 1066 (2005). "As the Seventh Circuit has noted, Illinois courts have interpreted an 'agreement' under the IWPCA to be 'broader than a contract and require[ ] only a manifestation of mutual assent on the part of two or more persons without the formalities and accompanying legal protections of a contract.'" *Brown v. Club Assist Rd. Serv. U.S., Inc.*, No. 12 CV 5710, 2013 WL 5304100, at *8 (N.D. Ill. Sept. 19, 2013) (quoting *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 452 (7th Cir. 2012)).

Here, the Plaintiffs sufficiently plead that the Defendant made unauthorized deductions to the Plaintiffs' pay (Count One), and alternatively, inappropriate expenditures (Count Two). The Defendant points to the independent-contractor agreements, and highlights that the agreement authorizes a variety of deductions. The Court does not disagree that, upon viewing the agreements (which, because the Plaintiffs acknowledge the agreements, the Court is authorized to do[2]), certain deductions are authorized. But while the Court can view the agreement, it is not appropriate at this stage to engage in a fact-intensive, evidentiary analysis of every deduction that was made and whether each deduction was authorized by the agreements, without knowing, for example, the exact deductions, when they were made, in what amounts, and other relevant facts. Rather, that argument is most appropriate for summary judgment (or trial), after the parties have engaged in discovery, developed evidence, and are prepared to grapple with the precise merits of this case. For the time being, it is sufficient for the Plaintiffs to plead — which, at this stage, we must accept as true — that the Defendant made inappropriate expenditures and unauthorized deductions from the Plaintiffs' guaranteed wages. *See Deschepper v.*

---

[2] "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (citing *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 739 n. 12 (7th Cir. 1986)).

*Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767, 779 (N.D. Ill. 2015) (denying motion to dismiss IWPCA claim and finding that while the "complaint is not a model of clarity", it ultimately alleges the existence of an employment agreement and "improper deductions from [the plaintiffs'] compensation", which "is sufficient to state a claim under the IWPCA"); *see also Johnson v. Logistics*, No. 16-CV-06776, 2018 WL 1519157, at *8 (N.D. Ill. Mar. 28, 2018) ("Diakon argues that Plaintiffs' IWPCA claims should be dismissed because Plaintiffs expressly consented to the deductions by signing their Service Agreements. But the SAC alleges that 'Diakon did not get Plaintiffs' and other class members' freely given express written consent at the time it made deductions from their pay' and that '[t]he deductions taken by Diakon per paycheck were not for a uniform amount, but rather varied with each paycheck.' At the pleading stage, this is sufficient.").

**B**

Next, the Court will evaluate Counts Three and Four, brought under the IMWL and the FLSA. There, the Plaintiffs allege that, for purposes of both laws, Defendant is an employer and the Plaintiffs are covered employees. And because, Plaintiffs allege, the Defendant "failed [to] pay Plaintiffs … minimum wage for all hours worked", the Plaintiffs seek damages. (D. 4 at ECF p. 10–11).

The Defendant argues that the Plaintiffs were independent contractors pursuant to the parties' agreements. Any arguments offered by the Plaintiffs that they were instead employees, avers the Defendant, rely on vague and conclusory allegations.

In response, the Plaintiffs assert that the "economic reality" of their relationship with the Defendant was that of employee-employer. In support, the Plaintiffs highlight the control exercised by the Defendant, the equipment used by the Plaintiffs, and other factors that indicate employee status.

Under the FLSA, courts in this circuit consider six non-exhaustive factors to determine the economic reality of an employment relationship: "1) the nature and

degree of the alleged employer's control as to the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or employment of workers;  4) whether the service rendered requires a special skill; 5) the degree of permanency and duration of the working relationship; and 6) the extent to which the service rendered is an integral part of the alleged employer's business." *Sec'y of Lab., U.S. Dep't of Lab. v. Lauritzen*, 835 F.2d 1529, 1535 (7th Cir. 1987). Further, "[b]ecause the IMWL parallels the FLSA so closely, courts have generally interpreted their provisions to be coextensive, and so have generally applied the same analysis to both." *Callahan v. City of Chicago*, 78 F. Supp. 3d 791, 821 (N.D. Ill. 2015), *aff'd sub nom.* 813 F.3d 658 (7th Cir. 2016) (citing *Condo v. Sysco Corp.*, 1 F.3d 599, 601 n. 3 (7th Cir. 1993)).

Here, we find that the Plaintiffs' allegations, accepted as true at this stage, plausibly allege that the Plaintiffs were employees rather than independent contractors. In particular, the Plaintiffs—in a manner that is neither vague nor conclusory—allege that:

- the "Plaintiffs drove trucks and trailers which were owned by [the Defendant], and which had [the Defendant's] insignia on them" (D. 4 at ECF p. 4);
- "Plaintiffs did not work anywhere else while working for [the Defendant]", *id.*;
- "Plaintiffs … were required to regularly check in with [the Defendant's] dispatchers to take their instructions", *id.*;
- "Plaintiffs … were also required to comply with [the Defendant's] time constraints for deliveries and other instructions and were required to regularly report to [the Defendant's] staff and … office", *id.*;
- "[the Defendant] required Plaintiffs … to comply with instructions dictated by written and unwritten policies, procedures, and directives", *id.* at ECF p. 5;
- and other similar allegations that allege the Defendant's control.

6

The Defendant points out that the Plaintiffs were permitted to control a large portion of their operating procedure, including meal breaks, the ability to use their own trucks, and the discretion "to participate in [the Defendant's] programs." (D. 12 at ECF p. 10). The Defendant also argues that the Plaintiffs assumed entrepreneurial risk, assumed responsibility for their operating expenses and truck maintenance, and were bound by contracts that were one year in duration.

The Defendant's argument is insufficient for two reasons. As an initial matter, the Court will not heavily consider the label given in the parties' independent-contractor agreements. *See Johnson v. Diakon Logistics, Inc.*, 44 F.4th 1048, 1052 (7th Cir. 2022) ("Courts in Illinois routinely disregard contractual language classifying workers as contractors or consultants."). Secondly, the Defendant's other assertions serve to create only a factual dispute, which at this stage requires the motion be denied. The Defendant's factual contentions may very well prove true, and may establish that the Plaintiffs were independent contractors. But plainly, at the motion to dismiss stage, there exists a fact issue for which the Court will not venture outside the four corners of the Amended Complaint. The Court, accepting the Plaintiffs' factual allegations as true and declining to evaluate evidence or assess the claims' merits, finds that the Plaintiffs have plausibly alleged an employee-employer relationship. *See Vasquez v. Toko Elec. LLC*, No. 23 CV 1799, 2024 WL 36863, at *2 (N.D. Ill. Jan. 3, 2024) ("[The defendants] argue that the allegations in the complaint show that the plaintiff was 'more likely an independent contractor.' But the plaintiff's status as an employee 'presents a factual dispute that is more properly resolved at summary judgment.'"); *Kendell v. Am. Income Life of Chicago*, No. 04-1140, 2005 WL 8162705, at *2 (C.D. Ill. Jan. 31, 2005) ("Whether Plaintiff was an employee or independent contractor is a fact intensive inquiry. At this stage, it is enough that Plaintiff has alleged she was an employee. Despite her acknowledgment that she signed an 'independent contractor's contract,' it is clear from her Complaint and Response to the Motion to Dismiss that she is asserting her status was that of employee and not

independent contractor. … Accordingly, [the defendant's] Motion to Dismiss is denied."); *Dalton v. Sweet Honey Tea, Inc.*, No. 23 CV 01793, 2023 WL 8281524, at \*7 (N.D. Ill. Nov. 30, 2023) ("It is premature for the Court to conduct this extensive analysis at the initial pleading stage. Instead, it is sufficient that Dalton has alleged that Defendants exercise sufficient control over her employment and day-to-day job duties to render her a covered employee, as opposed to an independent contractor.").

## V

For the reasons stated, *supra*, the Defendant's Motion to Dismiss (D. 11) is DENIED. The Defendant is to file its Answer within fourteen days and this matter is referred to Magistrate Judge Hanna for further proceedings.

*It is so ordered.*

Entered on March 19, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE